NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-7280/4961/5615/7407/0759
     Facsimile:    (213) 894-2927
     E-mail:   judith.heinz@usdoj.gov
               james.hughes2@usdoj.gov
               melanie.sartoris@usdoj.gov
               william.rollins@usdoj.gov
               khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>YI-CHI SHIH,<br>  aka "Yichi Shih,"<br>  aka "Yuqi Shi,"<br>ISHIANG SHIH,<br>  aka "I-Shiang Shih,"<br>KIET ANH MAI,<br>  et al.,<br><br>        Defendants. | No. CR 18-50(B)-JAK<br><br>JOINT STATUS REPORT REGARDING TRIAL DATE AND REMAINING DISPUTES<br><br>Trial Date: May 7, 2019 |

**GOVERNMENT'S STATUS REPORT**

**I.   Introduction**

Pursuant to the Court's April 25, 2019 order, the government hereby submits its status report regarding the May 7 trial date and the remaining disputes between the parties. Given that prospective jurors will begin arriving to complete written questionnaires next week, the government submits this status report now so that the Court will have additional time in advance of the jurors' arrival to evaluate the government's proposals.[1]

**II.   Government's Trial Exhibits**

On April 26, 2019, the government provided an updated preliminary exhibit list to the defense that identifies each exhibit on the government's preliminary exhibit list by exhibit number. The government's numbered list also provides a column in which defendant can indicate his objections, if any, to each exhibit. All of these exhibits have already been provided to the defense in an electronic format, and the exhibits have been identified by bates range.[2] The government will provide the Court and defense with trial exhibit binders containing hard copies of the trial exhibits on May 7, 2019.

---

[1] By submitting this proposal, the government does not waive its prior request to continue the trial to September 17, 2019, which remains pending. (Dkt. 380.)

[2] As previously explained, these steps far exceed the government's obligations in a criminal case. "Rule 16(a)(1)(e) 'does not require the Government to identify specifically which documents it intends to use as evidence'" at trial. United States v. Vilar, 530 F. Supp. 2d 616, 636 (S.D.N.Y. 2008); United States v. Nachamie, 91 F. Supp. 2d 565, 568-70 (S.D.N.Y. 2000) (courts may not "rewrite" the Federal Rules of Criminal Procedure to require the government to identify documents intended for its case-in-chief when there are a large number of documents material to the defense).

### III. Defense Trial Exhibits and Defense Experts

The government has contracted with an interpreter to prepare an English-language translation of the 129-page Mandarin-language document that the defense provided to the government for the first time on April 15. The interpreter estimates that she will not be finished translating the document (an apparent doctoral thesis by an electrical engineer, co-defendant and coconspirator Ye Yuan) until mid-May.

The government is also continuing to review the approximately 3,000 additional pages of discovery (provided by the defense for the first time on April 15), which include multiple patent applications, doctoral dissertations, and entries in various engineering journals. While a completed translation of the Mandarin-language document is likely relevant to analyzing the remainder of the defense's highly-technical discovery, the government has already begun to consult with technical experts about the thousands of English-language pages of defense discovery. This consultation will allow the government to brief for the Court: (1) the admissibility of any defense exhibits; and (2) the legal propriety of the defense theories proffered by counsel during the pretrial hearings to date.

In addition, given that defendant has represented that he will call "rebuttal experts on [certain topics]" (Dkt. 402) if the Court allows the government's experts to testify – and because the Court appears inclined to allow at least some portion of the government's experts' testimony at trial – the government intends to prepare a short motion in limine to preclude the unidentified defense experts, as set forth in the government's proposed timeline below.

## IV. Outstanding Jury Instruction Disputes and Motions in Limine

The government believes that the Court has yet to issue final rulings on most of the parties' motions in limine, including, for example, the government's motion in limine number 3 to admit certified and self-authenticating records under Rules 902 and 803. (Dkt. 307).[3] It is also unclear whether defendant will seek to introduce testimony from unidentified and unnoticed defense experts. In addition, the Court has yet to rule on the parties' dispute concerning the proper definition of "willfulness" and the jurisdictional issue briefed by the parties.

## V. Government's Proposed Timeline

In light of the remaining issues detailed above and the jury screening process scheduled to begin on May 1, 2019, the government respectfully recommends that the Court adopt the timeline below:

- <u>May 1, 2019</u>: During the written questionnaire process, prospective jurors are asked if they are available for a trial from approximately May 21, 2019 to June 28, 2019. If an insufficient number of jurors are available during that time period, the Court orders additional jurors to report for service and complete similar screening (including the written questionnaire) between May 1, 2019 and May 21, 2019.
- <u>May 7, 2019</u>: The government and defendant provide copies of all trial exhibits to the parties and the Court.

---

[3] Defendant has objected to the foundation and authenticity of these self-authenticating records, and the Court has yet to rule on the government's motion. Accordingly, the government is faced with the prospect of making travel and hotel arrangements for upwards of 15 custodians of records from around the country this week, assuming the trial date remains May 7.

4

- <u>May 9, 2019</u>:  Defendant files objections to categories of government's trial exhibits.
- <u>May 13, 2019</u>:  Government oppositions to defense objections due.  Government files objections to categories of defense exhibits (including the translated Mandarin-language document);[4] government's motion to preclude defense experts due.
- <u>May 15, 2019</u>:  Defendant's opposition to government's motion to preclude defense experts due by 12 p.m.
- <u>May 16, 2019</u>:  To protect juror privacy and impartiality in jury selection, earliest date by which completed juror questionnaires are provided to the parties.
- <u>May 16, 2019</u>:  Final pretrial status conference.  Court rules on all outstanding disputes.
- <u>May 21, 2019</u>:  Trial begins.[5]

## VI. Conclusion

For the reasons set forth above and in the government's prior filings, the government requests that the Court continue the trial date to May 21, 2019 and enter an order setting deadlines consistent with the proposals herein.

---

[4] As noted above, the government's interpreter does not expect to conclude with her translation of the 129-page Mandarin-language doctoral thesis until mid-May.

[5] As explained in greater detail in the government's <u>ex parte</u> application, the government continues to request a trial continuance until at least September 17, 2019, which is also justified by law. (Dkt. 380.)

## I. DEFENSE INTRODUCTION

The defense respectfully submits that this case should proceed to trial on May 7, the date previously agreed upon by the parties and the Court. A further trial continuance in this case would not result in a more organized, streamlined trial. To the contrary, a continuance would serve only to allow the government to expand the scope of this case with inappropriate discovery and unnecessary motions practice. Purely by way of example, the government has made half a dozen separate discovery productions within the last five days (including two productions late yesterday afternoon), and in this status report, the government seeks leave to file yet another motion in limine.

At the same time, the defense is mindful of—and shares—the Court's desire for an efficient trial. As set forth in further detail below, none of the currently outstanding disputes between the parties will frustrate that goal. The vast majority of the disputes have been fully briefed, and many of the disputes have been narrowed through argument at multiple hearings. Moreover, all of the disputes are capable of expeditious resolution such that a trial continuance is unnecessary. Accordingly, the defense respectfully requests that the Court (i) keep intact the current May 7 trial date and corresponding deadlines, and (ii) grant the defense's request concerning the government's exhibit list, described below.[1]

## II. DEFENSE POSITION RE GOVERNMENT'S TRIAL EXHIBITS

The defense is working diligently to identify any objections to the government's proposed exhibits and will present its objections to the Court in an organized fashion that will facilitate an efficient resolution of any disputes. In addition, the defense is making every effort to eliminate from its own exhibit list any documents that are duplicates of proposed government exhibits. These efforts have been hindered, however, by the fact that the Bates numbers in the government's exhibit list are improperly formatted. Specifically, the Bates numbers are missing prefixes and contain either too few or too

---

[1] The defense does not believe that a status conference on May 2 is necessary unless the Court believes that it must adjust the current trial schedule.

many placeholder digits.  This means that the Bates numbers that appear on the government's exhibit list do not match the Bates numbers that are stamped on the exhibits themselves, making it impossible for the defense to identify duplicate exhibits in an electronic, automated fashion.  The defense therefore respectfully requests that the Court order the government to produce a copy of its exhibit list in which the Bates numbers are properly formatted to match the format of the numbers that appear on the exhibits themselves, including the Bates prefix and number of digits.[2]

### III.   DEFENSE POSITION RE DEFENSE TRIAL EXHIBITS AND EXPERTS

The modest defense discovery production does not warrant a trial continuance. The discovery was produced three weeks in advance of trial (whereas the government has continued to produce discovery as recently as yesterday), and the defense has represented that the sole purpose for which it seeks to introduce the dissertation, patents, and engineering journal articles contained in the discovery is to establish that Dr. Shih is a researcher.  The defense does not intend to argue that the scientific principles discussed in these materials are correct or true, and the government therefore does not need to consult with experts in order to rebut such arguments.  But to the extent the government nonetheless wishes to consult with experts concerning the defense discovery materials, it already has had (and continues to have) sufficient time to do so in advance of May 7. Nor does the government's desire to file a motion in limine concerning potential defense rebuttal experts justify a trial continuance.  Even assuming that such a motion is permissible at this juncture (which the defense disputes), the government's 20-day estimate for its case-in-chief ensures that the motion can be resolved well in advance of the close of the government's case absent any continuance.  The defense does not intend to call any experts in its case in chief, but will call rebuttal experts as necessary in the event that the government experts form opinions that are unsustainable on the facts of

---

[2] The defense attempted to resolve this issue via meet and confer, but the government refused the defense's request for a revised exhibit list.  *See* Ex. A.

this case.

## IV. DEFENSE POSITION RE JURY INSTRUCTION DISPUTES AND MOTIONS IN LIMINE

None of the parties' outstanding disputes concerning jury instructions or motions in limine warrants a trial continuance. With respect to pre-trial jury instructions, the parties' dispute is limited to one straightforward issue—whether to provide the jury with a high-level overview of the elements of each offense—that the defense respectfully submits can be resolved by the Court without any further argument or briefing. Similarly, the parties' disputes concerning post-trial jury instructions are fully briefed and have been narrowed through argument at two hearings. Moreover, the post-trial jury instructions in this case need not be finalized prior to the start of trial; indeed, as the government itself has noted, such instructions sometimes must be revised "in light of evidence received during the trial." Dkt. No. 395 at 10 (Government's Position re Pre-Trial Instruction No. 2). Finally, with respect to Government Motion in Limine No. 3, the defense repeatedly has represented that it anticipates stipulating to the authenticity of the vast majority of the government's exhibits. It therefore is highly unlikely that the government will need to produce 15 record custodians during trial. At a minimum, the government certainly will not need to have 15 such witnesses available on the first day of trial.

## V. DEFENSE POSITION RE TRIAL TIMELINE

The defense respectfully submits that the existing timeline in this case, keyed to a May 7 trial date, should be preserved. The government's proposed timeline is objectionable not only because it requests an unwarranted three-week continuance of the current trial date, but because it contemplates advance disclosure of defense trial strategy. The government proposes May 7 as the deadline for both parties to "provide copies of all trial exhibits to the parties and the Court." Most of the defense exhibits, however, will consist of cross-examination material, which the government indisputably is not entitled to review in advance. *See, e.g.*, Federal Rule of Criminal Procedure

16(b)(1)(A) (requiring disclosure of documents and objects only if "the defendant intends to use the item in the defendant's case-in-chief at trial").  Finally, the government's proposed schedule is unworkable, as it does not afford the defense adequate time to respond to the government's contemplated motion in limine or its final exhibit books.  While the defense maintains that no adjustments to the current trial schedule are necessary, if the Court believes that it must adjust the schedule, the defense respectfully requests that the Court keep on calendar the May 2 status conference to permit the defense to address this issue.

## VI.   DEFENSE CONCLUSION

For the reasons set forth above, the defense respectfully requests that the Court (i) keep intact the existing schedule, keyed to a May 7 trial date, and (ii) order the government to provide the defense with a copy of its exhibit list in which the Bates numbers are properly formatted to match the format of the numbers that appear on the exhibits themselves.